**LEWIS JOHS**

Lewis Johs Avallone Aviles, LLP

Counsellors at Law

May 30, 2023

**Via ECF**
The Honorable Jennifer L. Rochon
U.S. District Court, S.D.N.Y
500 Pearl Street, Room 1920
New York, NY 10007

Re: Calcano-King v. Goulette et al., Case Docket No.: 21-CV-8059-JLR

> Defendants state that "the extent of the good-faith conference" concerning this discovery dispute consisted of a scheduling call between Defendants' attorney and Plaintiff's attorney's secretary. Because this does not satisfy the good-faith conference requirement pursuant to the Court's Individual Rule 2(E), Defendants' letter-motion is denied without prejudice to renewal, if a dispute remains, after counsel have engaged in the requisite meet-and-confer.
>
> Dated:  May 31, 2023
>         New York, New York
>
> SO ORDERED.
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**
> **United States District Judge**

Dear Judge Rochon:

I represent the defendants in the above referenced matter. I am writing to request an immediate conference to discuss expert discovery due to plaintiff's failure to appear on Friday, May 26, 2023 for her neuropsychological defense medical examination (DME, also referred to as IME) with Dr. Barbara Baer. Defendants seek leave to move for an Order 1) dismissing all of plaintiff's claims of psychiatric, psychological and emotional injuries allegedly related to the accident, including but not limited to claims of insomnia, nightmares, flashback, anger, fear, anxiety, depression, lost concentration and control, moodiness, irritability, emotional trauma, PTSD, post-traumatic headache and adjustment disorder, 2) precluding all testimony, evidence, and records related to the treatment of these claims, 3) directing payment of the no-show fee by plaintiff, and 4) for such other and further relief as this Court deems just and proper. This is the first request for dismissal of claims.

The neuropsychological DME was scheduled for Friday, May 26, 2023 at 11:00 a.m. at the office of Dr. Barbara Baer. On April 26, 2023, I emailed plaintiff's counsel, Michael Cervini, that Dr. Baer had re-scheduled[1] the examination for May 26th at 11:00 a.m., that the exam may be up to 4 hours or more and that plaintiff should wear a mask and bring lunch. **Exhibit A.** On May 9, 2023, I emailed Mr. Cervini a formal letter regarding the examination. The designation letter states:

> Defendants designate the following physician to conduct a neuropsychological examination of the plaintiff as follows:
>
> Dr. Barbara Baer
> 547 Saw Mill River Road
> Suite 2B
> Ardsley, NY  10502.
> **May 26, 2023 at 11:00 a.m.**
> Exam will be 4-5 hours and the plaintiff must wear a mask. Additionally, plaintiff should bring lunch with her.

---

[1] By email on April 24, 2023, I asked Mr. Cervini if his client was available for the neuro-pysch exam on May 1, 2023 at 1:00 p.m. in Ardsley, NY. See, **Exhibit A.** It is noted in this email that other than the very limited dates in May, Dr. Baer is unavailable until July. *Id.*

LEWIS JOHS
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

**Exhibit B.** The email states: "Attached please find the confirmation for the neuropysch DME with Dr. Barbara Baer which I previously discussed with you." **Exhibit C.** In the report submitted to this court by defendants on May 15, 2023 (**ECF Doc. 53**), it states, "The neuropsychological examination of the plaintiff is currently scheduled with Dr. Barbara Baer for May 26, 2023." Three drafts of the letter were emailed to Mr. Cervini before it was efiled. **Exhibit D.** Mr. Cervini filed an objection to the letter (**ECF Doc. 54**). Presumably, Mr.; Cervini read the defendants' letter before objecting to it. In defendants' May 25, 2023 letter motion requesting limited extensions of time for expert disclosures for two of defendants' experts (**ECF Doc. 58**), it states "Defendants' neuropsychiatrist, Dr. Barbara Baer, is examining plaintiff on Friday, May 26, 2023." Presumably Mr. Cervini read the motion before filing opposition to it. (**ECF Doc. 60**).Thus, plaintiff has had written confirmation for a month, with multiple written reminders, that the neuropsychological exam was scheduled for Friday, May 26, 2023 at 11:00 a.m. with Dr. Baer.

On May 26, 2023, at 11:20 a.m., Dr. Baer telephoned my office to advise that plaintiff had not appeared for the examination. Hughes Afd., **Exhibit E, ¶3.** Lisa Hughes of my office emailed plaintiff's counsel Michael Cervini regarding plaintiff's failure to appear for the examination. Hughes Afd., **Exhibit E, ¶5**; Email, **Exhibit F.** Within a half hour, Mr. Cervini's secretary Clarivel called Ms. Hughes and advised that plaintiff went to an orthopedic IME on May 25, 2023 with a Dr. Chernoff, <u>but that she (Clarivel) did not have anything in calendar about an IME for May 26, 2023 with Dr. Baer</u>. Hughes Afd., **Exhibit E, ¶6**. Clarivel asked if the doctor could see plaintiff later that afternoon [May 26th] and she would in the meantime reach out to the plaintiff to see if she was available. *Id.* Ms. Hughes contacted Dr. Baer, who advised she would be able to see the plaintiff as soon as the plaintiff arrived, preferably by 1:00 p.m. because the examination would take approximately 4 hours. Hughes Afd., **Exhibit E, ¶7**. When Ms. Hughes called Clarivel back, Clarivel advised that plaintiff was not available in the afternoon of May 26, 2023, and that the exam would need to be rescheduled. Hughes Afd., **Exhibit E, ¶8.** This was the extent of the good-faith conference between counsel, which was not fruitful.

Based on the multiple emails, the designation letter and the two court submissions all referencing the examination by Dr. Baer on May 26, 2023, it is incredible that plaintiff's counsel's office claimed that they did not know that the neuropsychological examination was scheduled for May 26th at 1:00 p.m. and that they did not have it in their calendar. Clearly, the plaintiff was never notified by her attorney of the examination since she failed to appear. Your Honor's May 25, 2023 Order (**ECF Doc. 59**) extending the time for defendants' expert disclosure regarding Dr. Baer by two days to June 1, 2023 was made based on the fact that Dr. Baer was examining plaintiff on Friday, May 26, 2023, and the outside provider that she uses to complete the MMPI (Minnesota Multiphasic Personality Inventory) exam was closed on Memorial Day, Monday, May 29, 2023 and would not be able to get her the data in time to complete her report by the Tuesday, May 30th deadline. **ECF Doc. 58.**

Dr. Baer is extremely busy and has no availability in June 2023. Plaintiff's counsel was advised of this on April 24, 2023. **Exhibit A.** The only dates Dr. Baer has available for the examination in



July 2023 are July 24th or July 28th. After that, she has no dates until September 2023. Moreover, defendants cannot conduct a complete and meaningful deposition of plaintiff's expert psychiatrist, Dr. Isaacson, currently scheduled for June 9, 2023, at 12:00 noon, prior to Dr. Baer's examination of plaintiff. Given that Your Honor has explicitly stated she will not extend the expert discovery end date, defendants will suffer irreparable harm if plaintiff is allowed to pursue these psychiatric, psychological and emotional injuries despite failing to appear at the neuropsychological exam. Moreover, Dr. Baer has issued a $2000 no-show bill to be paid by plaintiff's counsel for plaintiff's failure to appear at the exam. **Exhibit G.**

FRCP 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012); *E.L.A. v. Abbott House, Inc.*, 2020 WL 5682019 at 1 (SDNY 2020). Under Rule 37, courts have wide discretion to sanction parties that fail to obey discovery orders. 2020 WL 5682019 at 1. The purposes of these sanctions are to ensure that a party does not profit from their disregard of court orders and to deter future noncompliance. *City of Almaty v. Ablyazov*, 2021 WL 4846366 at 3 (SDNY 2021). Rule 37 also provides for mandatory attorney's fees and costs incurred by the moving party as a result of the other side's violation. FRCP 37(b)(2)("the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.")(emphasis added). In determining "whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the . . . court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the [misconduct]." 694 F.3d at 159 (citation omitted).

Thus, it is respectfully submitted that this Court issue an Order 1) dismissing all of plaintiff's claims of psychiatric, psychological and emotional injuries allegedly related to the accident, including but not limited to claims of insomnia, nightmares, flashback, anger, fear, anxiety, depression, lost concentration and control, moodiness, irritability, emotional trauma, PTSD, post-traumatic headache and adjustment disorder, 2) precluding all testimony, evidence, and records related to the treatment of these claims, 3) directing payment of the no-show fee by plaintiff, and 4) for such other and further relief as this Court deems just and proper. Thank you for your attention to this matter.

Respectfully submitted,

/s/
Jessica Klotz, Esq.
jklotz@lewisjohs.com

cc via ECF:   Michael Cervini, Esq.